**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

DAVID LEE GERALD,

        *Defendant-Appellant.*

No. 03-4208

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-96-831)

Submitted: July 18, 2003

Decided: August 7, 2003

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. James Strom Thurmond, Jr., United States Attorney, Sean Kittrell, Assistant United States Attorney, John Charles Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1997, David Ree Gerald pleaded guilty to bank robbery by force, 18 U.S.C. § 2113(a) (2000). He was sentenced to forty-six months in prison, to be followed by three years on supervised release.

In October 2002, Gerald was sentenced to "4 years suspended upon the service of 87 days, time served and 3 years probation" for grand larceny. In November 2002, Gerald's probation officer filed an amended petition to revoke Gerald's supervised release. The petition alleged that Gerald had violated several supervised release conditions, including the condition that he not commit a crime.

At his revocation hearing, Gerald did not contest the allegations in the petition. The district court found that Gerald had committed the charged violations and revoked supervised release.

The court sentenced Gerald to twenty-four months in prison, with no supervised release term to follow the sentence. Gerald timely appealed. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), contending that the district court erred when it imposed a sentence outside the range recommended by the sentencing guidelines but stating that there are no meritorious issues for appeal. Although Gerald was advised of his right to file a pro se brief, he has not filed such a brief.

We review a sentence imposed upon the revocation of supervised release for abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). We discern no abuse of discretion and affirm.

Gerald did not contest the charged violations; thus, a preponderance of the evidence established that he committed the supervised

release violations as alleged. The district court accordingly was statutorily authorized to "revoke . . . supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the [original offense] . . . without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3) (2000). If the original offense was a Class C felony, the maximum term that can be imposed upon revocation of supervised release is two years. *Id.*

Because Gerald's bank robbery conviction exposed him to a maximum sentence of twenty years, *see* 18 U.S.C. § 2113(a), the offense is a Class C felony. *See* 18 U.S.C. § 3559(a)(3) (2000). After revoking Gerald's supervised release, the district court was statutorily authorized to impose an active prison term of up to two years. *See* 18 U.S.C. § 3583(e)(3).

The sentencing guidelines suggest that Gerald, whose criminal history category was Category II and whose grand larceny conviction constitutes a Grade B supervised release violation, should receive a prison term of six to twelve months. *See U.S. Sentencing Guidelines Manual* § 7B1.1(a)(2), p.s. (2002). However, "Chapter 7's policy statements are . . . non-binding, advisory guides to district courts in supervised release proceedings." *United States v. Davis*, 53 F.3d at 642. Thus, a court is free to exercise its discretion and, upon revocation of supervised release, to sentence a defendant to imprisonment of up to the statutory maximum allowable. *Id.* at 642-43.

Here, the district court concluded that Gerald, who has an extensive criminal record largely tied to his abuse of drugs, required incarceration and intensive drug therapy while in prison. The court did not abuse its discretion when it sentenced Gerald to twenty-four months in prison. While exceeding the recommended guideline range, the sentence equals the statutory maximum sentence that could have been imposed. The sentence did not constitute an abuse of discretion.

We have reviewed the entire record and find no meritorious issues for appeal. We therefore affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous,

then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*